FILED
MAY 07 2026
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

CAMILLE T. BROWN )
130 E. 219th Street
Euclid, Ohio 44123

Plaintiff,

vs.

CITY OF CLEVELAND
601 Lakeside Avenue East, Room 106
Cleveland, Ohio 44114

Defendant.

Case No. 1:26 CV 01065

JUDGE: JUDGE GAUGHAN

MAG JUDGE ARMSTRONG

COMPLAINT FOR EMPLOYMENT DISCRIMINATION, RETALIATION, AND CIVIL RIGHTS VIOLATIONS

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Camille T. Brown ("Plaintiff"), proceeding pro se, brings this Complaint against Defendant City of Cleveland ("Defendant" or "City") and alleges as follows:

## I. NATURE OF THE ACTION

1. This is a civil action for unlawful employment discrimination, retaliation, and failure to accommodate brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq.; the Civil Rights Act of 1866, 42 U.S.C. § 1981; and 42 U.S.C. § 1983.

2. Plaintiff seeks reinstatement, back pay, front pay, compensatory and punitive damages within the limits of 42 U.S.C. § 1981a, declaratory and injunctive relief, attorneys' fees and costs under 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 12205, and 42 U.S.C. § 1988, and such other relief as this Court deems just.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3)–(4) (civil rights). Specific jurisdictional grants

arise under 42 U.S.C. § 2000e-5(f)(3) (Title VII), 42 U.S.C. § 12117 (ADA), and 42 U.S.C. §§ 1981 and 1983.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because all unlawful employment practices alleged occurred within Cuyahoga County, Ohio, in the Northern District of Ohio, Eastern Division, and Defendant maintains its principal place of business in this District.

## III. PARTIES

5. Plaintiff Camille T. Brown is a citizen of the United States and a resident of Euclid, Cuyahoga County, Ohio. At all times relevant to this Complaint, Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f) and 42 U.S.C. § 12111(4).

6. Defendant City of Cleveland is a municipal corporation organized under the laws of the State of Ohio with its principal offices at 601 Lakeside Avenue East, Cleveland, Ohio 44114. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 42 U.S.C. § 12111(5)(A), and a "person" subject to suit under 42 U.S.C. § 1983.

## IV. ADMINISTRATIVE EXHAUSTION

7. Plaintiff filed Charge of Discrimination No. 532-2023-04190 with the Equal Employment Opportunity Commission ("EEOC") against Defendant City of Cleveland.

8. On February 6, 2026, the EEOC issued a Determination and Notice of Rights to Plaintiff, signed by Karen McDonough, Acting Director, advising Plaintiff of her right to sue Defendant on Charge No. 532-2023-04190. A true and correct copy of the EEOC Determination and Notice of Rights is attached to this Complaint as Exhibit A and is incorporated by reference.

9. This Complaint is filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. Plaintiff has therefore satisfied all administrative prerequisites to suit under Title VII and the ADA.

## V. FACTUAL ALLEGATIONS

### A. Plaintiff's Employment with the City of Cleveland

10. Plaintiff was employed by Defendant City of Cleveland and held positions in the City's Department of Aging and the City's Department of Public Utilities.

11. At the time of her termination, Plaintiff held the position of Customer Service Representative in the Department of Public Utilities.

12. Plaintiff had previously held the position of Intake Specialist in the Department of Aging.

13. Plaintiff was a member of AFSCME Ohio Council 8, Local 100. The terms and conditions of Plaintiff's employment were governed by the collective bargaining agreement between the City of Cleveland and Local 100, AFSCME Ohio Council 8.

**B. The March 3–4, 2025 Workplace Incident**

14. On or about March 3 and March 4, 2025, an incident occurred at the Department of Aging involving Plaintiff and Frank Isaac, Jr. Frank Isaac, Jr. was Plaintiff's supervisor at the Department of Aging.

15. The City of Cleveland initiated disciplinary proceedings against both Plaintiff and Frank Isaac, Jr. arising out of the same March 3–4, 2025 incident.

**C. Plaintiff's Pre-Disciplinary Conference and Termination**

16. On June 20, 2025, the City of Cleveland convened a pre-disciplinary conference regarding Plaintiff. The conference was conducted by Ariel Flores, Employee Relations Officer. Adam Cisler appeared on behalf of the Department of Aging. Trina Tresville (President), Vanessa Turner (Vice-President), and Michelle Foust (Chapter Head) of AFSCME Local 100 represented Plaintiff.

17. By letter dated July 14, 2025, signed by Martin Keane, Director of the Department of Public Utilities, and Mary McNamara, Director of the Department of Aging, the City of Cleveland terminated Plaintiff's employment effective immediately. A true and correct copy of the July 14, 2025 termination letter is attached to this Complaint as Exhibit B and is incorporated by reference.

18. The July 14, 2025 termination letter cited the following grounds for Plaintiff's termination: (a) Civil Service Rule 9.10, items 1 (neglect of duty), 2 (absence from duty without leave), 3 (incompetence or inefficiency in performance of duties), 5 (conduct unbecoming an employee in the public service), 7 (disorderly, immoral, or unethical conduct while on duty), 8 (insubordination), and 18 (other failure of good behavior); (b) the City of Cleveland Workplace Violence Policy; and (c) the City of Cleveland Personal Electronic Devices Policy. (Exhibit B.)

19. The July 14, 2025 termination letter further stated that Plaintiff "failed to attend a mandatory medical appointment on two separate occasions" and that the documentation Plaintiff provided to justify her absence was "deemed unsatisfactory." (Exhibit B.)

20. The City of Cleveland progressed Plaintiff's discipline to "Step 5 (Termination)" on its progressive disciplinary schedule. (Exhibit B.)

**D. Disparate Treatment of a Similarly Situated Comparator**

21. Frank Isaac, Jr. was disciplined by the City of Cleveland for conduct arising out of the same March 3–4, 2025 incident under the same Civil Service Rule 9.10 framework and the same City of Cleveland workplace policies that the City applied to Plaintiff.

22. Frank Isaac, Jr. received a 10-day suspension. Plaintiff was terminated.

23. Plaintiff and Frank Isaac, Jr. were both employed by the City of Cleveland Department of Aging at the time of the March 3–4, 2025 incident, were subject to the same Civil Service Rules, were subject to the same workplace policies, were subject to the same disciplinary framework, and were disciplined for conduct arising out of the same incident.

**E. Plaintiff's Protected Activity and Causal Connection**

24. Prior to her July 14, 2025 termination, Plaintiff filed Charge of Discrimination No. 532-2023-04190 with the EEOC against Defendant City of Cleveland.

25. Defendant City of Cleveland was on notice of Plaintiff's EEOC Charge before terminating Plaintiff's employment.

26. Defendant terminated Plaintiff's employment after Plaintiff engaged in the protected activity of filing an EEOC Charge against Defendant.

27. The disparity between the discipline imposed on Plaintiff (termination) and the discipline imposed on Frank Isaac, Jr. (10-day suspension) for conduct arising out of the same incident under the same policy citations is evidence that Defendant's stated reasons for Plaintiff's termination are pretextual.

**F. Disability and Failure to Accommodate**

28. The "mandatory medical appointment" referenced in the July 14, 2025 termination letter related to a medical condition or perceived medical condition of Plaintiff.

29. Plaintiff provided Defendant with documentation in connection with her medical absences.

30. Defendant deemed Plaintiff's medical documentation "unsatisfactory" and used Plaintiff's medical absences as a stated basis for terminating Plaintiff's employment, without engaging

Plaintiff in the interactive process required by 42 U.S.C. § 12112(b)(5) and 29 C.F.R. § 1630.2(o)(3).

## VI. CLAIMS FOR RELIEF

### COUNT I

### Retaliation in Violation of Title VII of the Civil Rights Act of 1964

### 42 U.S.C. § 2000e-3(a)

31. Plaintiff incorporates by reference each of the foregoing paragraphs as though fully restated herein.

32. Plaintiff engaged in protected activity under Title VII when she filed EEOC Charge No. 532-2023-04190 against Defendant City of Cleveland.

33. Defendant was on notice of Plaintiff's protected activity.

34. Defendant subjected Plaintiff to a materially adverse employment action when Defendant terminated Plaintiff's employment effective July 14, 2025.

35. A causal connection exists between Plaintiff's protected activity and the adverse employment action.

36. Defendant's stated reasons for terminating Plaintiff's employment are pretextual, as evidenced by the materially different discipline imposed on Frank Isaac, Jr. for conduct arising out of the same incident under identical policy citations.

37. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered loss of income, loss of employment benefits, loss of professional reputation, emotional distress, and other compensable harms.

### COUNT II

### Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964

### 42 U.S.C. § 2000e-2(a)

38. Plaintiff incorporates by reference each of the foregoing paragraphs as though fully restated herein.

39. Plaintiff is a member of a class protected from discrimination on the basis of race under Title VII.

40. Plaintiff was qualified for the position of Customer Service Representative in the Department of Public Utilities and for the position of Intake Specialist in the Department of Aging.

41. Defendant subjected Plaintiff to a materially adverse employment action by terminating Plaintiff's employment effective July 14, 2025.

42. Frank Isaac, Jr., a similarly situated employee outside Plaintiff's protected class, was treated more favorably than Plaintiff for conduct arising out of the same March 3–4, 2025 incident under identical Civil Service Rule 9.10 citations and identical City of Cleveland workplace policy citations.

43. Defendant's stated reasons for terminating Plaintiff's employment are pretextual.

44. As a direct and proximate result of Defendant's race discrimination, Plaintiff has suffered loss of income, loss of employment benefits, loss of professional reputation, emotional distress, and other compensable harms.

## COUNT III

### Disability Discrimination and Failure to Accommodate

### Americans with Disabilities Act, 42 U.S.C. §§ 12112(a) and 12112(b)(5)

45. Plaintiff incorporates by reference each of the foregoing paragraphs as though fully restated herein.

46. Plaintiff is a qualified individual with a disability or was regarded by Defendant as having a disability within the meaning of 42 U.S.C. § 12102.

47. Defendant terminated Plaintiff's employment based in part on alleged absences related to mandatory medical appointments and on Defendant's subjective dissatisfaction with the medical documentation Plaintiff provided.

48. Defendant failed to engage Plaintiff in the interactive process required by 42 U.S.C. § 12112(b)(5) and 29 C.F.R. § 1630.2(o)(3) before terminating Plaintiff's employment based on her medical absences.

49. Defendant's actions constitute disability discrimination and failure to accommodate in violation of the Americans with Disabilities Act.

50. As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered loss of income, loss of employment benefits, emotional distress, and other compensable harms.

## COUNT IV

## Race Discrimination in Violation of 42 U.S.C. § 1981, Brought Through 42 U.S.C. § 1983

51. Plaintiff incorporates by reference each of the foregoing paragraphs as though fully restated herein.

52. Under 42 U.S.C. § 1981, Plaintiff has the same right as is enjoyed by white citizens to make and enforce contracts of employment, including the enjoyment of all benefits, privileges, terms, and conditions of the employment relationship.

53. Defendant City of Cleveland, acting under color of state law, intentionally discriminated against Plaintiff on the basis of race in the terms, conditions, and termination of her employment.

54. Plaintiff brings this claim against Defendant City of Cleveland through 42 U.S.C. § 1983, which provides the procedural vehicle for asserting Section 1981 rights against a state actor. See Jett v. Dallas Independent School District, 491 U.S. 701 (1989).

55. As a direct and proximate result of Defendant's violations of 42 U.S.C. § 1981, Plaintiff has suffered loss of income, loss of employment benefits, emotional distress, and other compensable harms.

## COUNT V

## Violation of the Equal Protection Clause of the Fourteenth Amendment

## 42 U.S.C. § 1983

56. Plaintiff incorporates by reference each of the foregoing paragraphs as though fully restated herein.

57. Defendant City of Cleveland, acting under color of state law, deprived Plaintiff of her right to the equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

58. The decision to terminate Plaintiff's employment was authorized and signed by Martin Keane, Director of the Department of Public Utilities, and Mary McNamara, Director of the

Department of Aging, who are final policymakers for their respective departments under the law of the City of Cleveland.

59. The termination decision constitutes an act of the municipality for purposes of municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978), and Pembaur v. City of Cincinnati, 475 U.S. 469 (1986).

60. As a direct and proximate result of Defendant's violations of 42 U.S.C. § 1983, Plaintiff has suffered loss of income, loss of employment benefits, emotional distress, and other compensable harms.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Camille T. Brown respectfully prays that this Court enter judgment in her favor and against Defendant City of Cleveland and grant the following relief:

A. Make-whole relief, including reinstatement to Plaintiff's former position or to any promotional position Plaintiff would have held but for Defendant's unlawful conduct, with full seniority, employment benefits, pension contributions to the Ohio Public Employees Retirement System, accumulated leave, and pay rate restored, or, in the alternative, an award of front pay in lieu of reinstatement;

B. Back pay with prejudgment interest;

C. Compensatory damages within the statutory limits of 42 U.S.C. § 1981a;

D. Punitive damages on Plaintiff's claim under 42 U.S.C. § 1981 to the extent permitted by law;

E. A declaratory judgment that Defendant's actions violated Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, 42 U.S.C. § 1981, and 42 U.S.C. § 1983;

F. Injunctive relief enjoining Defendant from engaging in further unlawful employment practices against Plaintiff;

G. Reasonable attorneys' fees, expert fees, and costs to the extent recoverable, including under 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 12205, and 42 U.S.C. § 1988; and

H. Such other and further relief, in law or in equity, as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Camille T. Brown, Plaintiff Pro Se

130 E. 219th Street

Euclid, Ohio 44123

Telephone: (216) 925-7581

Email: camille.brown25@yahoo.com

Dated: May 5, 2026