**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Camille T. Brown,** | ) | **CASE NO. 1:26 CV 1065** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **City of Cleveland,** | ) | **Order** |
| | ) | |
| **Defendant.** | ) | |

*Pro se* plaintiff Camille T. Brown filed this employment discrimination action against the City of Cleveland. (Doc. No. 1). Plaintiff did not pay the filing fee. Rather, she filed an application to proceed *in forma pauperis* ("IFP"). (Doc. No. 2).

To ensure access to the courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if he or she demonstrates by affidavit his or her inability to pay those fees. Under this statute, "the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit." *Dandridge v. Hooman*, No. 05-2401-B/P, 2006 WL 27184, at *1 (W.D. Tenn. Jan. 5, 2006). "A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746." *Id.* (citing *Reynolds v. Fed. Bur. of Prisons*, 30 F. App'x 574 (6th Cir. 2002) and *Brogue v. Fort Knox Fed. Credit Union*, No. 86-1896, 1997 WL

242043 (6th Cir. May 8, 1997)).

Litigants are not required to be absolutely destitute to proceed *in forma pauperis*; the statute does not require them to "contribute . . . the last dollar they have or can get." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948). Rather, they must demonstrate by affidavit that because of their indigency, they cannot pay the fee and continue to provide for the necessities of life. *Id.* Courts evaluating applications for IFP status generally consider an applicant's employment, annual income, expenses, and any other property or assets he or she may possess. *Giles v. Commissioner of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014) (citation omitted)). Assets include equity in real estate and automobiles. *See Levet v. Comm'r of Soc. Sec.*, No. 1:14-CV-01378, 2014 WL 3508893 at * 1 (N.D. Ohio July 15, 2014); *Ciavarella v. Comm'r of Soc. Sec.*, No. 5:13-CV-2031, 2013 WL 5354091 at * 1 (N.D. Ohio Sept. 24, 2013); *United States v. Valdez*, 300 F.Supp.2d 82, 84 (D.D.C.2004).

Proceeding *in forma pauperis*, however, is a privilege, not a right. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). And, the decision to grant or deny an application to proceed *in forma pauperis* "lies within the sound discretion of the district court." *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004) (citing *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988)).

Upon review, the Court finds that Plaintiff has failed to demonstrate that she

cannot pay court costs without undue hardship. Plaintiff indicates on her IFP application that she has a monthly income of $1,780.63 with her current employer. (Doc. No. 2-1 at 1). She also states that she has $23,555 in retirement income, which she withdrew to pay everyday living expenses since her employment termination; $2,100 in a checking account; and $16,000 in a savings account. (*See id.* at 2, 5). Additionally, she owns a 2020 Chevy Traverse and a 2020 Mitsubishi. (*Id.* at 3). Given that Plaintiff has assets in the form of checking and savings accounts and two automobiles, it does not appear that payment of the filing fee is beyond Plaintiff's means. Rather, this is a case where Plaintiff must weigh the financial constraints posed by pursuing this action against the merits of her claims. *See Behmlander v. Comm'r of Soc. Sec.*, No. 12-CV-14424, 2012 WL 5457466 at * 2 (E.D. Mich. Oct. 16, 2012).

Accordingly, the Court denies Plaintiff's application to proceed *in forma pauperis.* (Doc. No. 2). If Plaintiff wishes to proceed in this action, she must pay the full filing fee of $ 405.00, within thirty (30) days of the date of this Order, or the action will be dismissed without prejudice for failure to prosecute. The Court reminds Plaintiff that she is responsible for serving the complaint upon Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge



Date: 5/13/2026