GRANTED.

*Patricia A. Gaughan* (signature)

Patricia A. Gaughan
United States District Judge
June 16, 2026

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

FILED

JUN 15 2026

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

| | |
|---|---|
| CAMILLE T. BROWN, | Case No. 1:26-cv-01065 |
| Plaintiff, | Judge Patricia A. Gaughan |
| v. | Magistrate Judge Jennifer Dowdell Armstrong |
| CITY OF CLEVELAND, | |
| Defendant. | |

**PLAINTIFF'S MOTION TO SEAL FINANCIAL AFFIDAVIT (FORM AO 240)**

Plaintiff Camille T. Brown, appearing *pro se*, respectfully moves this Court for an order sealing the financial affidavit filed in support of her Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 240). In support of this Motion, Plaintiff states as follows:

**I. Background**

1. Plaintiff filed this action *pro se* on May 7, 2026, together with an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 240).

2. The AO 240 affidavit contains detailed personal financial information, including Plaintiff's income, employment information, bank account balances, monthly expenses, assets, and information regarding her dependents.

3. On May 13, 2026, the Court denied the Application and directed Plaintiff to pay the filing fee. The financial affidavit has therefore served its sole intended purpose, which was to permit the Court to evaluate Plaintiff's eligibility to proceed without prepayment of fees.

1

4. The financial affidavit remains publicly accessible on the docket through the Court's Public Access to Court Electronic Records (PACER) system.

## II. Legal Standard

5. While there is a strong presumption in favor of public access to judicial records, that presumption may be overcome where a party demonstrates a compelling interest in confidentiality that outweighs the public interest in access. *See Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

6. The presumption of access is at its strongest for materials that are central to the merits of a case, and weakest for documents that play only a minor or ministerial role in the exercise of judicial power. *See Shane Group*, 825 F.3d at 305. Courts weigh the public interest in access against the privacy interests of the affected party. *See Rudd Equipment Co. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016).

## III. Argument

7. Plaintiff's privacy interest in her detailed financial information is compelling. The AO 240 affidavit discloses sensitive personal financial details that, if accessed by third parties, expose Plaintiff to risks of identity theft, financial fraud, and unwarranted intrusion into her private financial affairs.

8. The public interest in access to the AO 240 affidavit is minimal. The affidavit is not central to the merits of this employment discrimination action. It played only a ministerial role: it permitted the Court to evaluate Plaintiff's eligibility to proceed without prepaying fees. That determination has been made. The affidavit no longer serves any operative function in the litigation, and sealing it will not impair the public's ability to understand the merits or the Court's exercise of judicial power.

9. The balance of interests favors sealing. A compelling privacy interest in sensitive financial data stands on one side. A document that has exhausted its ministerial purpose and bears no relationship to the merits stands on the other. Under *Shane Group* and *Rudd Equipment*, sealing is warranted where, as here, the privacy interest is substantial and the public interest in the specific document is negligible.

10. The relief requested is narrowly tailored. Plaintiff seeks to seal only the AO 240 financial affidavit and its attachments. Plaintiff does not seek to seal any other portion of the record, the complaint, or any document bearing on the merits of this action. This is the least restrictive means of protecting Plaintiff's privacy interest. *See Shane Group*, 825 F.3d at 305-06 (sealing must be narrowly tailored).

11. Defendant will not be prejudiced by the requested relief. At the time of this filing, Defendant has not been served and has not entered an appearance. The financial affidavit has no bearing on any claim or defense in this action.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order sealing the financial affidavit (Form AO 240) and its attachments filed in this matter, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

Camille T. Brown
*Plaintiff, Pro Se*
130 E. 219th Street
Euclid, Ohio 44123
camille.brown25@yahoo.com

3

## CERTIFICATE OF SERVICE

I certify that on _____, 2026, the foregoing Plaintiff's Motion to Seal Financial Affidavit (Form AO 240) was filed with the Clerk of Court. No other party has appeared in this action, and service of this motion on any other party is therefore not required at this time.

_____

Camille T. Brown

*Plaintiff, Pro Se*

Dated: June 15th , 2026

4