**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CAMILE T. BROWN.,<br>Plaintiff<br><br>v.<br><br>THE CITY OF CLEVELAND,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-01065<br><br>Judge PATRICIA A. GAUGHAN<br><br>**ANSWER OF DEFENDANT THE CITY OF CLEVELAND AND JURY DEMAND** |

Defendant The City of Cleveland ("Defendant" or the "City"), by and through counsel, for its Answer to the Complaint of Plaintiff Camille T. Brown, states as follows. Except as expressly admitted herein, Defendant denies each and every allegation contained in the Complaint, including any allegations contained in unnumbered paragraphs, headings, and prayers for relief.

1. Paragraph 1 states legal conclusions and characterizes the nature of the action, to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to bring claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, 42 U.S.C. § 1981, and 42 U.S.C. § 1983, and denies that it engaged in any unlawful employment discrimination, retaliation, or failure to accommodate. Defendant denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Paragraph 2 states Plaintiff's requested relief and legal conclusions, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any of the relief requested and denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 states legal conclusions regarding subject matter jurisdiction to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to invoke the jurisdiction of this Court and denies that Plaintiff has any meritorious claim. Defendant denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 states legal conclusions regarding venue to which no response is required. To the extent a response is required, Defendant admits that it is a municipal corporation with its principal place of business in Cuyahoga County, Ohio, within the Northern District of Ohio, Eastern Division, and that venue is proper in this District. Defendant denies that any unlawful employment practice occurred and denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny for want of knowledge the allegations concerning Plaintiff's citizenship and residence and therefore deny the same. The remaining allegations state legal conclusions to which no response is required; to the extent a response is required, Defendant denies them. Defendant denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits that the City of Cleveland is a municipal corporation organized under the laws of the State of Ohio with principal offices at 601 Lakeside Avenue East, Cleveland, Ohio 44114. The remaining allegations state legal conclusions to which no response is required; to the extent a response is required, Defendant denies them. Defendant denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff filed Charge of Discrimination No. 532-2023-04190 with the Equal Employment Opportunity Commission against the City of Cleveland. Defendant denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits that the EEOC issued a Determination and Notice of Rights dated February 6, 2026, on Charge No. 532-2023-04190, and that the document attached to the Complaint as Exhibit A appears to be a copy of that Notice, which document speaks for itself. Defendant denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 states legal conclusions regarding administrative exhaustion to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the date of Plaintiff's receipt of the Notice of Right to Sue and therefore denies the same. Defendant denies that Plaintiff has satisfied all administrative prerequisites to suit and denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff was employed by the City of Cleveland and held positions in the City's Department of Aging and the City's Department of Public Utilities. Defendant denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny for want of knowledge whether Plaintiff was a member of AFSCME Ohio Council 8, Local 100, and therefore deny the same. Defendant denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits that Frank Isaac, Jr. was Plaintiff's supervisor at the Department of Aging and that an incident occurred on or about March 3 and March 4, 2025.

Defendant denies Plaintiff's characterization of that incident and denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits that it initiated disciplinary proceedings against Plaintiff arising out of conduct occurring on or about March 3-4, 2025. Defendant admits that Frank Isaac, Jr. was the subject of a separate disciplinary process. Defendant denies that Plaintiff and Frank Isaac, Jr. engaged in the same conduct or were similarly situated, and denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits that a pre-disciplinary conference regarding Plaintiff was convened on June 20, 2025, that the conference was conducted by Ariel Flores, Employee Relations Officer, that Adam Cisler appeared on behalf of the Department of Aging, and that Trina Tresville, Vanessa Turner, and Michelle Foust of AFSCME Local 100 appeared on Plaintiff's behalf. Defendant denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit that Plaintiff received a letter dated July 14, 2025, signed by Martin Keane and Mary McNamara. Defendants deny the remaining allegations in Paragraph 17. Exhibit B speaks for itself.

18. Defendants admit that the July 14, 2025 letter references certain Civil Service Rules and City policies. Exhibit B speaks for itself as to its contents. Defendants deny the remaining allegations in Paragraph 18.

19. Defendants admit that the July 14, 2025 letter contains statements concerning Plaintiff’s failure to attend mandatory medical appointments and the documentation she provided. Exhibit B speaks for itself as to its contents. Defendants deny the remaining allegations in Paragraph 19.

20. Defendants admit that the July 14, 2025 letter references Step 5 (Termination) of the applicable progressive disciplinary schedule. Exhibit B speaks for itself. Defendants deny the remaining allegations in Paragraph 20

21. Defendant admits that Frank Isaac, Jr. was the subject of a disciplinary process arising out of conduct occurring on or about March 3-4, 2025. Defendant denies that Frank Isaac, Jr. engaged in the same conduct as Plaintiff, denies that he was similarly situated to Plaintiff, and denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny for want of knowledge the allegations concerning Frank Isaac, Jr. and therefore deny the same. Defendants admit that Plaintiff was terminated and denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits that Plaintiff and Frank Isaac, Jr. were both employed by the City of Cleveland Department of Aging at the time of the March 3-4, 2025 incident and were subject to the same Civil Service Rules and workplace policies. Defendant denies that Plaintiff and Frank Isaac, Jr. engaged in the same or comparable conduct, denies that they were similarly situated in all relevant respects, and denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits that Plaintiff filed Charge of Discrimination No. 532-2023-04190 with the EEOC against the City of Cleveland. Defendant denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant admits that Plaintiff's employment was terminated effective July 14, 2025, and that Plaintiff filed an EEOC Charge. Defendant denies that any causal relationship

existed between Plaintiff's Charge and her termination and denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant is without knowledge or information sufficient to form a belief as to the existence or nature of any medical condition or perceived medical condition of Plaintiff and therefore denies the same. Defendant denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny for want of knowledge the allegations in Paragraph 29 and therefore deny the same and denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendants admit that certain medical documentation provided by Plaintiff was deemed unsatisfactory. Defendants deny that Plaintiff was terminated because of any disability or protected medical absence and deny that Defendants failed to engage in any legally required interactive process. Defendants deny the remaining allegations in Paragraph

**COUNT I**
**Retaliation in Violation of Title VII of the Civil Rights Act of 1964**
**42 U.S.C. § 2000e-3(a)**

31. In response to Paragraph 31, Defendant incorporates by reference its responses to the preceding paragraphs of the Complaint as if fully restated herein.

32. Defendant admits that Plaintiff filed EEOC Charge No. 532-2023-04190 against the City of Cleveland. Whether that filing constitutes protected activity states a legal conclusion to which no response is required; to the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits that Plaintiff's employment was terminated effective July 14, 2025. Whether that termination constitutes a materially adverse employment action states a legal conclusion to which no response is required; to the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

## COUNT II
## Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964
## 42 U.S.C. § 2000e-2(a)

38. In response to Paragraph 38, Defendant incorporates by reference its responses to the preceding paragraphs of the Complaint as if fully restated herein.

39. Paragraph 39 states a legal conclusion to which no response is required; to the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's race and therefore denies the same, and denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Defendant admits that Plaintiff held the positions of Customer Service Representative in the Department of Public Utilities and Intake Specialist in the Department of Aging. Whether Plaintiff was qualified for those positions states a legal conclusion to which no response is required; to the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 40 of the Complaint.

41. Defendant admits that Plaintiff's employment was terminated effective July 14, 2025. Whether that termination constitutes a materially adverse employment action states a

legal conclusion to which no response is required; to the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

**COUNT III**
**Disability Discrimination and Failure to Accommodate**
**Americans with Disabilities Act, 42 U.S.C. §§ 12112(a) and 12112(b)(5)**

45. In response to Paragraph 45, Defendant incorporates by reference its responses to the preceding paragraphs of the Complaint as if fully restated herein.

46. Paragraph 46 states legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant admits that Plaintiff's unauthorized absences and the unsatisfactory documentation submitted by Plaintiff were among the grounds for the termination of her employment. Defendant denies Plaintiff's characterization of those grounds and denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

**COUNT IV**
**Race Discrimination in Violation of 42 U.S.C. § 1981, Brought Through 42 U.S.C. § 1983**

51. In response to Paragraph 51, Defendant incorporates by reference its responses to the preceding paragraphs of the Complaint as if fully restated herein.

52. Paragraph 52 states legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Paragraph 54 states legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

**COUNT V**
**Violation of the Equal Protection Clause of the Fourteenth Amendment**
**42 U.S.C. § 1983**

56. In response to Paragraph 56, Defendant incorporates by reference its responses to the preceding paragraphs of the Complaint as if fully restated herein.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant admits that the July 14, 2025 termination letter was signed by Martin Keane, Director of the Department of Public Utilities, and Mary McNamara, Director of the Department of Aging. The remaining allegations, including the allegation that these individuals are final policymakers for the City of Cleveland, state legal conclusions to which no response is required; to the extent a response is required, Defendant denies them and denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Paragraph 59 states legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

In response to the Prayer for Relief, including subparagraphs (A) through (H), Defendant denies that Plaintiff is entitled to any of the relief requested, or to any relief whatsoever, and demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by her failure to timely and properly exhaust administrative remedies, and by her failure to file suit within the applicable statutory limitations periods, including the ninety (90)-day period for filing suit following receipt of the EEOC's Notice of Right to Sue.

3. Plaintiff's claims are barred, in whole or in part, because the allegations of the Complaint exceed the scope of the charge filed with the EEOC, and Plaintiff failed to exhaust administrative remedies with respect to all claims and theories not fairly encompassed within the administrative charge.

4. Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations.

5. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, consent, and/or laches.

6. Plaintiff's claims are barred by the doctrine of unclean hands.

7. Plaintiff is not entitled to all or part of the relief sought.

8. All employment decisions concerning Plaintiff, including the termination of her employment, were based upon legitimate, nondiscriminatory, and nonretaliatory business

reasons, and Defendant would have taken the same actions in the absence of any protected activity or protected characteristic.

9. Defendant acted at all relevant times in good faith and did not violate any rights secured to Plaintiff under federal, state, or local law.

10. The City of Cleveland has a legitimate governmental interest in disciplining employees who violate City policies, procedures, rules, and regulations, and Plaintiff's termination was the result of her own misconduct and violations of the Civil Service Rules and City policies.

11. Plaintiff's stated reasons for termination were legitimate and nonpretextual, and Plaintiff cannot establish that Defendant's stated reasons were a pretext for unlawful discrimination or retaliation.

12. Plaintiff cannot establish a prima facie case of retaliation, race discrimination, disability discrimination, failure to accommodate, or any other violation of Title VII, the Americans with Disabilities Act, 42 U.S.C. § 1981, or 42 U.S.C. § 1983.

13. Plaintiff cannot establish that any adverse employment action was taken because of her race, disability, perceived disability, or protected activity.

14. Plaintiff cannot establish that similarly situated employees outside her protected class or who did not engage in protected activity were treated more favorably under substantially similar circumstances. The comparator identified in the Complaint was not similarly situated to Plaintiff in all material respects.

15. Plaintiff has not been discriminated against on the basis of her race.

16. Plaintiff has not been discriminated against on the basis of any actual or perceived disability, and Plaintiff is not a qualified individual with a disability within the meaning of the Americans with Disabilities Act.

17. Plaintiff has not been retaliated against for engaging in any protected activity.

18. Any accommodation Plaintiff may have requested was not reasonable, was not required, and/or would have imposed an undue hardship on Defendant; Defendant satisfied any obligation to engage in the interactive process to the extent one arose.

19. Plaintiff failed to mitigate her damages, and any recovery must therefore be reduced accordingly.

20. Plaintiff's claims for compensatory and punitive damages are limited or barred, in whole or in part, by the statutory caps and limitations set forth in 42 U.S.C. § 1981a.

21. Plaintiff's claims for punitive damages against Defendant City of Cleveland are barred, including as against a municipality under Title VII, the ADA, and 42 U.S.C. § 1983.

22. Plaintiff cannot establish municipal liability under 42 U.S.C. § 1983 because Plaintiff cannot show that any alleged deprivation of her constitutional rights was caused by an official policy, custom, or the decision of a final policymaker of the City of Cleveland.

23. Plaintiff's claim under 42 U.S.C. § 1981 against the City of Cleveland fails because the exclusive federal remedy for the violation of rights guaranteed by Section 1981 by a state actor is the remedy provided by 42 U.S.C. § 1983, and Plaintiff cannot satisfy the requirements for municipal liability thereunder.

24. To the extent Plaintiff asserts any claim premised upon respondeat superior against the City of Cleveland under 42 U.S.C. § 1983, such theory of liability is not available.

25. Plaintiff's damages, if any, were caused, in whole or in part, by the intervening and/or superseding acts of persons or entities other than Defendant.

26. Plaintiff's alleged damages are speculative, remote, and unsupported.

27. To the extent Plaintiff claims emotional distress damages, such damages were caused, in whole or in part, by factors unrelated to Plaintiff's employment or the actions of Defendant.

28. Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine, to the extent Defendant discovers evidence during the course of this litigation that Plaintiff engaged in conduct that would have independently justified termination or adverse action.

29. Plaintiff's claims are or may be barred, in whole or in part, by the terms of the collective bargaining agreement between the City of Cleveland and AFSCME Ohio Council 8, Local 100, and/or by Plaintiff's failure to exhaust the grievance and arbitration procedures contained therein.

30. Defendant maintained and disseminated policies prohibiting discrimination, harassment, and retaliation, together with reasonable complaint procedures, and exercised reasonable care to prevent and promptly correct any allegedly discriminatory or retaliatory conduct.

31. Defendant is entitled to all immunities, defenses, limitations of liability, and protections available under federal law, Ohio common law, and Ohio statutory law, to the extent applicable.

32. Defendant asserts all defenses available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act, 42 U.S.C. § 12101 et

seq., 42 U.S.C. § 1981, 42 U.S.C. § 1983, and all other applicable federal, state, and local laws.

33. Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Defendant therefore reserves the right to assert additional affirmative defenses as they become known through discovery or otherwise.

31. Count IV fails as a matter of law because Section 1981(c) does not create an independent cause of action for damages against a municipality.

32. Plaintiff's claim under 42 U.S.C. § 1981 against the City of Cleveland fails because the exclusive federal remedy for the violation of rights guaranteed by Section 1981 by a state actor is the remedy provided by 42 U.S.C. § 1983, and Plaintiff cannot satisfy the requirements for municipal liability thereunder.

33. Plaintiff cannot establish municipal liability under 42 U.S.C. § 1983 because Plaintiff cannot show that any alleged deprivation of her constitutional rights was caused by an official policy, custom, or the decision of a final policymaker of the City of Cleveland.

34. Plaintiff's Section 1983-based claims (Counts IV and V) fail because Plaintiff cannot identify any official policy, ordinance, regulation, or officially adopted decision of the City of Cleveland that caused the alleged deprivation of her federal rights, as required by *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

35. Plaintiff's Section 1983-based claims fail because Plaintiff cannot establish a custom or practice of the City of Cleveland so permanent and well-settled as to constitute a custom or usage with the force of law, and cannot establish that any such custom was the moving force behind any alleged constitutional violation.

36. Plaintiff's Section 1983-based claims fail to the extent they are premised on a single decision by individuals who were not final policymakers for the City of Cleveland with respect to the challenged employment action, and the identification of final policymaking authority is a question of state and local law on which Plaintiff cannot prevail.

37. Plaintiff's Section 1983-based claims fail because Plaintiff cannot establish that any policymaker acted with deliberate indifference to, or tacitly authorized or ratified, any alleged unconstitutional conduct.

38. Plaintiff's Section 1983-based claims premised on a failure-to-train or failure-to-supervise theory fail because Plaintiff cannot establish a pattern of similar constitutional violations or deliberate indifference by the City of Cleveland.

39. To the extent Plaintiff asserts any claim premised upon respondeat superior against the City of Cleveland under 42 U.S.C. § 1983, such theory of liability is not available.

40. To the extent any individual is alleged to have deprived Plaintiff of a federal right under 42 U.S.C. § 1983, no individual is named as a defendant, and the City of Cleveland cannot be held vicariously liable for the acts of its employees under Section 1983 or Section 1981.

41. Plaintiff's Equal Protection claim under 42 U.S.C. § 1983 (Count V) fails because Plaintiff cannot establish that she was treated differently from similarly situated individuals as a result of intentional or purposeful discrimination, and Plaintiff's employment actions were rationally related to, and supported by, legitimate governmental interests.

42. Plaintiff's claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 fail to the extent they seek to impose liability for the same conduct addressed by Title VII and the ADA, which provide comprehensive and, where applicable, exclusive remedial schemes.

43. Plaintiff's Section 1981 claim is barred, in whole or in part, by the applicable statute of limitations, including to the extent the claim is governed by the two-year personal-injury limitations period of Ohio law rather than the four-year federal catch-all period of 28 U.S.C. § 1658, depending on the nature of the conduct alleged.

44. Plaintiff's claims for punitive damages against Defendant City of Cleveland are barred, including as against a municipality under Title VII, the ADA, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981).

WHEREFORE, having fully answered, Defendant The City of Cleveland respectfully requests that this Court enter judgment in its favor on all claims and causes of action in Plaintiff's Complaint, dismiss the Complaint in its entirety with prejudice, and award Defendant its reasonable costs, expenses, and attorneys' fees, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

MARK D. GRIFFIN (0064141)
Director of Law

*/s/ Michael A. Arnold*
Michael A. Arnold (0102528)
Assistant Director of Law
**City of Cleveland, Department of Law**
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2800
Fax: (216) 664-2663
Email: MArnold@clevelandohio.gov
*Attorney for Defendant The City of Cleveland*

**JURY DEMAND**

Defendant The City of Cleveland hereby demands a trial by jury by the maximum number of jurors permitted by law on all issues so triable.

*/s/ Michael A. Arnold*
Michael A. Arnold (0102528)
*One of Defendant's Attorneys*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of September, 2026, the foregoing Answer of Defendant The City of Cleveland was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. A copy of the foregoing was also served upon Plaintiff, proceeding pro se, by regular U.S. Mail and/or electronic mail at the following address: Camille T. Brown, 130 E. 219th Street, Euclid, Ohio 44123; camille.brown25@yahoo.com.

*/s/ Michael A. Arnold*
Michael A. Arnold (0102528)
*One of Defendant's Attorneys*